**Carroll Gene HERRING, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 55137.**

Court of Criminal Appeals of Texas, Panel No. 3.

Nov. 15, 1978.

Wes Reed, Dallas, for appellant.

Henry Wade, Dist. Atty., Donald D. Hinds and James D. Burnham, Asst. Dist. Attys., Dallas, for the State.

Before ROBERTS, ODOM and TOM G. DAVIS, JJ.

OPINION

ROBERTS, Judge.

This is an appeal from a conviction for criminal mischief. V.T.C.A., Penal Code, Sec. 28.03.[1] Upon his plea of not guilty,

---

2. We express no opinion on the validity of this indictment.

1. Section 28.03, supra, provides in relevant part as follows:

appellant was convicted by the court; punishment was assessed at two years' confinement, probated.

In a single ground of error, appellant challenges the sufficiency of the evidence to sustain his conviction. We affirm.

Viewing the evidence in the light most favorable to the State, *Tatom v. State,* 555 S.W.2d 459 (Tex.Cr.App.1977), we find that on February 19, 1976, the date of the offense, Robert Trenholm, the complainant, was co-owner of a house under construction located at 8901 Flint Falls in Dallas. Trenholm contracted with D. W. Wilson to construct the house and Wilson, in turn, by verbal agreement, subcontracted a portion of the roof work to appellant. After appellant fulfilled his obligation under the contract, a dispute arose between him and Wilson concerning payment for the work completed. When Wilson would not accede to appellant's demand for payment, appellant entered upon the premises and disassembled the roof he had already completed. The construction material was also damaged; it was undisputed that this material was owned by the complainant.

On cross-examination, appellant testified that he tore down the roof for two reasons: (1) because he had not been paid for his work, and (2) because the contractor told him he was not satisfied with the work and it was appellant's intention to rebuild the roof to the contractor's satisfaction.

The record further shows that appellant filed a mechanic's lien against the house the day after he tore down the roof.

Specifically, appellant contends that the evidence does not show that he intentionally and knowingly damaged and destroyed the roof. We disagree.

The evidence showed that appellant finished his work on the roof, that all parties were satisfied with the work, that a dispute arose over the payment for the work, that appellant entered upon the property and

disassembled the roof, and that appellant admitted that one reason for his action was that he felt he did not receive proper payment for his work. We conclude that the evidence is sufficient to sustain appellant's conviction for criminal mischief. The ground of error is overruled.

The judgment is affirmed.

"(a) A person commits an offense if, without the effective consent of the owner:
"(1)  he intentionally or knowingly damages or destroys the tangible property of the owner;  .  .  .

"(b)  An offense under this Section is: *  *

"(4)  a felony of the third degree if:
"(A)  the amount of pecuniary loss is $200 or more but less than $10,000;  .  .  ."